MICHAEL ROBINSON *v.* SOUTHERN NEW ENGLAND TELEPHONE COMPANY
(11638)

DUPONT, C. J., LAVERY and SCHALLER, Js.

Submitted on briefs December 10, 1993—decision released February 15, 1994

---

*Jamie L. Mills* filed a brief for the appellant (plaintiff).

*Diana Garfield, Burton Kainen* and *Dana Shaw MacKinnon* filed a brief for the appellee (defendant).

LAVERY, J. This case comes before us by order of our Supreme Court remanding it for consideration in light of that court's decision in *Genovese* v. *Gallo Wine Merchants, Inc.*, 226 Conn. 475, 628 A.2d 946 (1993). This court previously affirmed the trial court's judgment in this case. *Robinson* v. *Southern New England Telephone Co.*, 31 Conn. App. 925, 626 A.2d 2, remanded for reconsideration, 227 Conn. 916, 632 A.2d 695 (1993). In light of *Genovese* v. *Gallo Wine Merchants, Inc.*, supra, we now reverse the judgment of the trial court and remand the case for trial.

In this case, Michael Robinson, the plaintiff, was employed by Southern New England Telephone (SNET) until discharged in 1988. Robinson filed a grievance under his union's collective bargaining agreement claiming that SNET discharged him without just cause. Robinson's grievance was submitted for arbitration. After a hearing, the arbitration panel concluded that Robinson had been discharged for just cause.

Robinson then filed suit in the Superior Court, claiming that he had been discharged in violation of General Statutes § 31-51q.[1] SNET moved for summary

---

[1] General Statutes § 31-51q provides in pertinent part: "Any employer . . . who subjects any employee to . . . discharge on account of the exer-

judgment asserting that Robinson's claims had been fully adjudicated by arbitration and were, therefore, precluded by the doctrine of collateral estoppel. The trial court granted summary judgment in favor of SNET and this court affirmed.

Generally, factual determinations made in final and binding arbitration proceedings are entitled to preclusive effect under the doctrine of collateral estoppel. Id., 483. Our Supreme Court ruled in *Genovese,* however, that arbitration has no effect on an employee's ability to file suit on an independent statutory claim. Id., 484. Thus, even if an employee loses an arbitration proceeding, that employee is not precluded from pursuing his statutory rights in the Superior Court. Id.

Thus, it is clear that in the present case the trial court improperly granted summary judgment on the ground of collateral estoppel. The fact that Robinson's discharge was fully litigated before the arbitration panel has no effect on his suit. Submission of a claim to arbitration under a collective bargaining agreement does not preclude, by the doctrine of collateral estoppel, a statutory cause of action in the Superior Court. Id., 493.

The judgment is reversed and the case is remanded for further proceedings not inconsistent with this opinion.

In this opinion the other judges concurred.

---

cise by such employee of rights guaranteed by the first amendment to the United States Constitution . . . provided such activity does not substantially or materially interfere with the employee's bona fide job performance or the working relationship between the employee and employer, shall be liable to such employee for damages . . . ."