[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The Supreme Court has recently found that arbitration has no effect upon an employee's ability to file suit on an independent statutory claim. Genovese v. Gallo Wine Merchants, Inc., 226 Conn. 475,484, 628 A.2d 946 (1993); see also Robinson v. Southern NewEngland Telephone Co., 33 Conn. App. 600, 602, 637 A.2d 397 (1994) (submission of claim to arbitration under collective bargaining agreement does not preclude, by doctrine of collateral estoppel, statutory cause of action in Superior Court). The plaintiff does not assert an independent statutory cause of action in this case. Therefore, "the established judicial principle that voluntary recourse to arbitration proceedings allows the prevailing party, after a final arbitral judgment, to raise a defense of collateral estoppel or res judicata if the losing party thereafter initiates a judicial cause of action." Genovese v. Gallo Wine Merchants, Inc., supra, 491.
The materials filed by defendant in support of the motion for summary judgment indicate that the following questions were submitted to the arbitrators: "Did [plaintiff] resign her position at the Town of Greenwich Health Department. . .? If so, what shall be the remedy?" On June 24, 1994, the arbitration panel denied plaintiff's grievance finding, in an unanimous decision, that plaintiff had resigned from her position. Although plaintiff was represented by the staff representative of AFSCME, her independent counsel was present at the proceedings.
"`To establish whether collateral estoppel applies, the court must determine what facts were necessarily determined in the first trial and then must assess whether the [party] is attempting to relitigate those facts in the second proceeding.'" (Citation omitted.) Aetna Casualty Surety Co. v. Jones, 220 Conn. 285,297, 596 A.2d 414 (1991). The issue of whether plaintiff's employment was terminated was fully and fairly litigated and the arbitration panel found that she resigned. Insofar as all five counts of plaintiff's complaint are based upon her contention that she was discharged in violation of her collective bargaining agreement, she is attempting to relitigate what was decided by the arbitration panel. Furthermore, the plaintiff does not claim that CT Page 6176 she filed a motion to vacate the arbitration award pursuant to General Statutes § 52-418a. The defendant has met its burden of proving that there are no genuine issues of material fact regarding whether this action is barred by collateral estoppel. Accordingly, the defendant is entitled to judgment as a matter of law and the motion for summary judgment is granted.
DEAN, J.